Filed 7/22/21  P. v. Kirkpatrick CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AARON KIRKPATRICK,<br><br>    Defendant and Appellant. | B302280<br><br>(Los Angeles County<br>Super. Ct. No. BA389227) |

APPEAL from an order of the Superior Court of Los Angeles County, Robert Perry, Judge.  Reversed and remanded with directions.

Jennifer A. Mannix, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Aaron Kirkpatrick (appellant), who was convicted of second degree murder, appeals from an order denying his petition for resentencing under Penal Code section 1170.95.[1]  On the merits of the appeal,[2] appellant contends, the Attorney General concedes, and we agree the trial court erred in finding appellant failed to make a prima facie showing he is eligible for resentencing under section 1170.95.  Accordingly, we reverse the trial court's order and remand the matter for further proceedings under section 1170.95, beginning with the appointment of counsel for appellant and briefing by the parties pursuant to section 1170.95, subdivision (c).

## BACKGROUND

### I.    The Offense and the Trial[3]

On May 16, 2011, two men approached Kirk Torres, the victim in this case, outside near a gas station.  Torres was shot eight times and killed.  At the scene, police recovered shell casings and bullets, which indicated two different handguns were used to shoot Torres.

An information charged appellant and his brother, Keon Kirkpatrick, with the murder of Torres.  (§ 187, subd. (a).)  The information also alleged a principal personally and intentionally discharged a handgun causing the victim's death (§ 12022.53,

---

[1] Further statutory references are to the Penal Code.

[2] The Attorney General argues the appeal is procedurally improper.  We address the argument below.

[3] We take these facts from the appellate record in appellant's direct appeal from his conviction, case number B256477.  We granted appellant's November 12, 2020 request that we take judicial notice of that record.

2

subds. (d) & (e)(1)), and the murder was gang-related within the meaning of section 186.22, subdivision (b)(1)(C).

At trial, the prosecution presented a theory that the shooters approached Torres to rob him of his gold chain. As pertinent here, the trial court instructed the jury on first degree felony murder (based on a robbery), willful, deliberate, and premeditated first degree murder, second degree murder, directly aiding and abetting a murder, and aiding and abetting a robbery with murder as the natural and probable consequence of the commission of the robbery.

In closing argument, the prosecutor acknowledged there was evidence indicating appellant drove Keon and two other men to the crime scene and remained in the vehicle while Keon and another man exited the vehicle, approached Torres, took his gold chain, and killed him: "It is entirely possible [appellant] stayed in that alley the whole time in the car and watched the scene unfold." Other evidence presented at trial indicated appellant was one of the shooters.

The jury found appellant and Keon guilty of the second degree murder of Torres (rejecting the felony murder theory, which the prosecution presented as first degree murder only). The jury also found the firearm and gang enhancement allegations to be true. In May 2014, the trial court sentenced appellant and Keon, each, to 40 years to life: 15 years to life for second degree murder, plus 25 years to life for the firearm enhancement.

Appellant and Keon appealed their convictions, contending the gang expert improperly relied on hearsay evidence in forming his opinion, and the trial court should have instructed the jury on imperfect self-defense. They did not challenge the sufficiency of

the evidence supporting their commission of the offense or raise any issue with respect to the identity of the shooters. The brief statement of the facts in our opinion rejecting their contentions and affirming the convictions indicated both appellant and Keon were shooters, as we summarized circumstances of the crime in the light most favorable to the judgment. (*People v. Kirkpatrick* (Nov. 12, 2015, B256477) [nonpub. opn.], p. 2.)

## II. Appellant's First Section 1170.95 Petition

On November 16, 2018, appellant, representing himself, filed a form petition for resentencing under section 1170.95, a statute which permits a person convicted of felony murder or murder under a natural and probable consequences theory to petition the court to have the murder conviction vacated and to be resentenced, if the person could not be convicted of murder today in light of amendments to sections 188 and 189. Senate Bill No. 1437, which added section 1170.95 and amended sections 188 and 189, was enacted in 2018 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f), p. 6674; §§ 188, subd. (a)(3), 189, subd. (e).)[4]

In his form petition, appellant checked boxes stating, in pertinent part, that he was convicted of second degree murder under the natural and probable consequences doctrine and could not now be convicted of murder because of changes to sections

---

[4] Appellant's petition was premature, as section 1170.95 did not become effective until January 1, 2019.

4

188 and 189, effective January 1, 2019.[5]  Appellant also checked the box requesting the trial court appoint counsel to represent him in connection with his petition.

On January 17, 2019, the trial court issued an order (without a hearing), appointing counsel for appellant in connection with his section 1170.95 petition and ordering the district attorney's office to file a response to the petition by March 11, 2019.  On March 1, 2019, before any briefing by the parties occurred, the trial court issued another order (without a hearing), vacating its January 17, 2019 order appointing counsel for appellant and stating:  "The Court on its own motion has reconsidered the petition and finds petitioner [appellant] has not made a prima facie showing that he falls within § 1170.95."  Explaining its reasoning, the court stated:

"On May 16, 2011, [appellant] and his brother Keon Kirkpatrick attacked a rival gang member and shot him to death.  The victim was shot *eight times* by two different guns.  After the murder, defendant [appellant] told a girlfriend that he and his brother did what they 'had to do.'

"The jury [at appellant's trial] was instructed on felony murder and the natural and probable consequence theory of liability.  By its verdict, the jury rejected the felony murder theory because a finding of felony murder would have supported a finding of first degree murder.  (The jury was not instructed on second degree felony murder.)  The evidence clearly established

---

[5] In fact, appellant checked all boxes on the form petition, indicating he was convicted of *all* theories of first and second degree murder that are no longer viable today after amendment of sections 188 and 189, although he was convicted of second degree murder, not first degree murder.

Defendant [appellant] was one of two shooters and that he acted with the intent to kill.  The instruction on the natural and probable consequence theory of responsibility was superfluous.

"As one of two actual killers in this case, [appellant] is specifically exempted from sentencing relief under [section] 1170.95 and [section] 189(e)(1)."[6]

The court also denied appellant's section 1170.95 petition based on its conclusion Senate Bill No. 1437 and section 1170.95 are unconstitutional.

Appellant did not file a "notice of appeal," challenging the order denying his section 1170.95 petition.  Instead, less than three weeks after the denial, on March 19, 2019, as a self-represented litigant, he filed a petition for writ of habeas corpus in this court (the Court of Appeal), case number B296343, challenging his murder conviction on two grounds:  (1) the prosecution's gang expert improperly relied on hearsay evidence and (2) he was entitled to relief under Senate Bill No. 1437 because his conviction was based on the natural and probable consequences theory of liability, and not that he was an actual shooter or directly aided and abetted the murder.[7]  He provided a summary of the evidence presented at trial, indicating he was not one of the men who exited the vehicle, approached Torres, and shot him.  Appellant did not state in the habeas petition that he had filed a section 1170.95 motion in the trial court.

---

[6] The same judge who presided over appellant's trial denied appellant's section 1170.95 petition.

[7] We granted the Attorney General's April 16, 2021 request that we take judicial notice of appellant's March 19, 2019 petition for writ of habeas corpus.

After reviewing the reporter's transcripts from appellant's trial, on April 5, 2019, we issued an order on his March 19, 2019 habeas petition, stating: "The petition is denied without prejudice to petitioner's filing a new petition in the superior court, in accordance with and pursuant to Senate Bill No. 1437 and Penal Code section 1170.95. We note that the appellate opinion in this case [in the direct appeal of his conviction] may have conflated the roles and activities of the appellant and others in the underlying crimes [citation], therefore any such petition shall include citations to the trial transcripts in petitioner's discussion of the facts." As set forth above, appellant and Keon contended in the direct appeal (1) that the gang expert improperly relied on hearsay evidence in forming his opinion, and (2) that the trial court should have instructed the jury on imperfect self-defense.

## III.  Appellant's Second Section 1170.95 Petition

On June 16, 2019, appellant, representing himself, filed a second form petition for resentencing under section 1170.95. He again checked all boxes on the petition, including those stating he was convicted of second degree murder under the natural and probable consequences doctrine and could not now be convicted of murder because of the changes to sections 188 and 189 referenced above. He also again checked the box requesting the trial court appoint counsel to represent him in connection with his petition.

The trial court did not appoint counsel to represent appellant in connection with this second section 1170.95 petition. On July 11, 2019, the court issued an order (without a hearing), denying this petition on the same grounds it had denied appellant's first section 1170.95 petition, as summarized above. The court also commented in its order that appellant had not

7

complied with this court's April 5, 2019 order denying his March 19, 2019 habeas petition, as appellant did not include citations to the trial transcripts in his second 1170.95 petition, as this court instructed him to do.

Appellant did not file a "notice of appeal," challenging the order denying his second section 1170.95 petition. Instead, on November 18, 2019, as a self-represented litigant, he filed another petition for writ of habeas corpus in this court (the Court of Appeal), challenging the trial court's July 11, 2019 order denying his second section 1170.95 petition. In summarizing the procedural history of his section 1170.95 petitions in this habeas petition, appellant characterized his prior, March 19, 2019 habeas petition as "an appeal" of the March 1, 2019 order denying his first section 1170.95 petition.

On December 23, 2019, we issued an order deeming appellant's November 18, 2019 habeas petition "to be a motion for leave to file a belated notice of appeal," and granting the motion. We did not specify in the order whether the belated notice of appeal was from the trial court's order denying appellant's first section 1170.95 petition or his second.

## DISCUSSION

### I. We Treat the Present Appeal as Being Taken From the Order Denying Appellant's First Section 1170.95 Petition

The Attorney General argues an appeal from the trial court's order denying appellant's *second* 1170.95 petition is procedurally barred under the doctrine of collateral estoppel. We need not address this argument because we treat this appeal as being taken from the order denying appellant's *first* section 1170.95 petition.

8

Within the time for filing an appeal from the order denying his first section 1170.95 petition, appellant, as a self-represented litigant, filed a petition for writ of habeas corpus in this court, challenging his conviction under section 1170.95.  In a subsequent habeas petition, he characterized this earlier habeas petition as "an appeal" from the order denying his first section 1170.95 motion.  We did not treat the earlier habeas petition as an appeal because we were unaware appellant had filed the first section 1170.95 petition, so we instructed appellant to file a (second) 1170.95 petition in the trial court.

As set forth above, we did not specify in our December 23, 2019 order whether we deemed appellant's current petition for writ of habeas corpus to be a belated notice of appeal from the trial court's order denying his first section 1170.95 motion or his second.  Based on the procedural history of the case, as set forth in appellant's current habeas petition, filed on November 18, 2019, we deem this habeas petition to be a motion for leave to file a belated notice of appeal from the trial court's March 1, 2019 order denying appellant's *first* section 1170.95 motion. Appellant's challenge to that order has not previously been heard in this court.[8]

## II.     The Trial Court Erred in Concluding Appellant Did Not Make a Prima Facie Showing He Falls Within the Provisions of Section 1170.95

On the merits, appellant contends, the Attorney General concedes, and we agree appellant made a prima facie showing he is eligible for relief under section 1170.95, and the trial court

---

[8] Appellant may not additionally challenge on appeal the July 11, 2019 order denying his second 1170.95 petition, as that petition was made and denied on the same grounds as his first.

9

erred in denying his petition for resentencing without appointing counsel for him and allowing briefing by the parties under section 1170.95, subdivision (c).

Under section 1170.95, subdivision (a), "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

In amending section 188, Senate Bill No. 1437 added the following provision: "Except as stated in subdivision (e) of Section 189 [a provision not relevant here], in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.)

A trial court that receives a petition for resentencing under section 1170.95—which complies with the statutory requirements regarding filing, service, and contents of the petition set forth in subdivision (b), as appellant's petition does—must follow these

10

steps: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

This appeal concerns the first sentence, or first step, of section 1170.95, subdivision (c), which states: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." At this step, "if the petitioner's ineligibility for resentencing under section 1170.95 is not established as a matter of law by the record of conviction, the court must direct the prosecutor to file a response to the petition, permit the petitioner (through appointed counsel if requested) to file a reply and then determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 330, review granted Mar. 18, 2020, S260493.)

Appellant made a prima facie showing under the first sentence, or first step, of section 1170.95, subdivision (c), as the record does not establish appellant's ineligibility for resentencing as a matter of law. As appellant argues and the Attorney General concedes, based on the jury instructions given at appellant's trial and the jury's guilty verdict on second degree

murder, the jury could have found appellant guilty of murder under a theory that he aided and abetted a robbery with murder as the natural and probable consequence of the commission of the robbery, a theory of murder no longer viable after Senate Bill No. 1437 amended section 188. (*People v. Gentile* (2020) 10 Cal.5th 830, 839 ["We hold that Senate Bill 1437 bars a conviction for second degree murder under the natural and probable consequences theory"].) Thus, the trial court erred in denying appellant's petition for resentencing on the ground appellant did not make a prima facie showing he is eligible for resentencing under section 1170.95, and we reverse the order.[9]

Upon remand, the trial court must follow the steps outlined in section 1170.95, beginning with the appointment of counsel for appellant and briefing by the parties under section 1170.95, subdivision (c). We express no opinion on whether appellant can make the next prima facie showing under section 1170.95, within the meaning of the last sentence of subdivision (c), or whether appellant is entitled to an evidentiary hearing, as described in subdivision (d) of section 1170.95.

---

[9] Appellant also argues, and the Attorney General concedes, the trial court erred in denying appellant's section 1170.95 petition on the ground Senate Bill No. 1437 and section 1170.95 are unconstitutional, as case law holds that the bill and statute are constitutional. (See, e.g., *People v. Lamoureux* (2019) 42 Cal.App.5th 241; *People v. Johns* (2020) 50 Cal.App.5th 46.)

**DISPOSITION**

The order denying the petition for resentencing is reversed and the matter is remanded for further proceedings under section 1170.95, consistent with this opinion.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

CRANDALL, J.*

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13